1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAKENZIE M.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C22-5013-BAT

**ORDER REVERSING THE
COMMISSIONER'S DECISION**

13

       Plaintiff seeks review of the denial of her applications for Supplemental Security Income

14 and Disability Insurance Benefits.  Plaintiff  contends the ALJ erroneously assessed certain

15 medical opinion evidence and discounted her testimony.  Dkt. 12 at 1.  Plaintiff also argues

16 evidence presented to the Appeals Council warrants remand.  *Id*.  For the reasons below, the

17 Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further

18 administrative proceedings under sentence four of 42 U.S.C. § 405(g).

19                                  **BACKGROUND**

20        Plaintiff is currently 28 years old, has a high school diploma and training as a home care

21 aide, and worked most recently as a caregiver in an assisted-living facility.  Tr. 103-04, 123.  In

22 January 2019, she applied for benefits, alleging disability as of April 29, 2017.  Tr. 287-94. Her

23 applications were denied initially and on reconsideration.  Tr. 201-04, 207-12.  The ALJ

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

1  conducted a hearing in October 2020 (Tr. 92-134), and subsequently found Plaintiff not disabled.

2  Tr. 30-48.  As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is

3  the Commissioner's final decision.  Tr. 1-7.

**DISCUSSION**

5  **A.      Medical Opinions**

6         Plaintiff challenges the ALJ's assessment of certain medical opinion evidence.  Under

7  regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each

8  medical opinion, specifically with respect to whether the opinions are supported and consistent

9  with the record.  20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).  An ALJ's consistency and

10  supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32

11  F.4th 785, 792 (9th Cir. 2022).

12         *1.      Leland Rogge, M.D.*

13         Dr. Rogge opined, *inter alia*, Plaintiff cannot perform overhead work.  Tr. 713.  The ALJ

14  mentioned this limitation in summarizing Dr. Rogge's opinion but failed to explicitly assess the

15  persuasiveness of this portion of Dr. Rogge's opinion.  Tr. 42.  The ALJ explained he discounted

16  the sitting and lifting restrictions identified by Dr. Rogge, and he found Plaintiff to be more

17  limited as to standing, walking, hazard exposure, and postural activity.  *Id*.  But the ALJ did not

18  include any limitation on Plaintiff's ability to reach in the residual functional capacity ("RFC")

19  assessment.  Tr. 36-37.

20         Plaintiff argues the ALJ erroneously failed assess the reaching limitation set forth in Dr.

21  Rogge's opinion and this error was harmful because the step-five jobs require frequent reaching

22  that may implicate overhead reaching.  *See* Dkt. 12 at 6-7.  In response, the Commissioner

23  invites the Court to look to other parts of the ALJ's decision to find the ALJ properly considered

ORDER REVERSING THE COMMISSIONER'S DECISION - 2

1    other opinion evidence indicating Plaintiff had no reaching limitations, and the ALJ's decision is

2    thus supported by that evidence.  *See* Dkt. 13 at 12-13 (citing *Kaufmann v. Kijakazi*, 32 F.4th

3    843, 851 (9th Cir. 2022)).  *Kaufmann* does not support the Commissioner's position in this case:

4    in *Kaufmann*, the Court explained that a court should scrutinize all of the pages of an ALJ's

5    decision to determine whether the ALJ provided clear and convincing reasons to discount a

6    claimant's testimony, rather than focusing on the sufficiency of the reasons given on only one

7    page.  32 F.4th at 851-52.  The *Kaufmann* court did not suggest, contrary to the Commissioner's

8    contention, that reviewing courts should look to an ALJ's assessment of other medical opinions

9    to determine whether the ALJ's assessment of those opinions could arguably apply to the

10   disputed opinion.  Such a contention is a post hoc argument and not authorized under *Kaufmann*

11   or any other Ninth Circuit authority.  *See, e.g.*, *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d

12   1219, 1225-26 (9th Cir. 2009) (court reviews ALJ's decision "based on the reasoning and factual

13   findings offered by the ALJ -- not post hoc rationalizations that attempt to intuit what the

14   adjudicator may have been thinking").

15        Because the ALJ did not provide any assessment of the reaching limitation mentioned in

16   Dr. Rogge's opinion and did not craft an RFC assessment consistent with that limitation, the

17   Court finds the ALJ erred in failing to fully address Dr. Rogge's opinion.  On remand, the ALJ

18   should explicitly assess the persuasiveness of the reaching limitation indicated in Dr. Rogge's

19   opinion.[1]

20

21   _____
     [1] Although Plaintiff requests, in the alternative, a remand for a finding of disability (Dkt. 12 at 2,
     16), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate
22   here.  *See Leon v.  Berryhill*, 880 F.3d 1044, 1045 (9th Cir.  2017) ("An automatic award of
     benefits in a disability benefits case is a rare and prophylactic exception to the well-established
23   ordinary remand rule.").  Thus, the Court orders that this case be remanded for further
     administrative proceedings.

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

1          *2.*       *Renee Eisenhower, Ph.D.*

2          Dr. Eisenhower, a State agency psychological consultant, opined Plaintiff would

3 "experience occ[asional] lapse in att[ention], attendance and [concentration, persistence and

4 pace] due to mental health [symptoms], but not at a level that precludes productive work

5 activity." Tr. 181. The ALJ explained he limited Plaintiff to simple work in order to account for

6 the "occasional attention lapses" described by Dr. Eisenhower. Tr. 45. Plaintiff argues because

7 "occasional" is defined in the regulations to mean up to one-third of a workday, Dr.

8 Eisenhower's opinion is ambiguous and needed to be clarified because a person who is off-task

9 one-third of a workday could not maintain employment. Dkt. 12 at 5.

10          The Commissioner uses "occasional" as a term of art meaning up to one-third of a

11 workday, but Dr. Eisenhower's opinion does not refer to this definition. *See, e.g.*, Social

12 Security Ruling ("SSR") 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) ("'Occasionally' means

13 occurring from very little up to one-third of the time."). Instead, the doctor opined Plaintiff's

14 occasional attention lapses would not preclude working (Tr. 181). Given this opinion, the Court

15 cannot say the ALJ unreasonably interpreted Dr. Eisenhower's opinion as based upon Plaintiff's

16 interpretation of "occasional" (one-third of a workday). In fact, as Dr. Eisenhower opined

17 Plaintiff's limitations did not preclude work, her opinion could not have been reflected an

18 inability to work due to a limitations taking up one-third of a day.

19          Because the ALJ's RFC assessment is a reasonable reading of Dr. Eisenhower's opinion,

20 Plaintiff has not shown that clarification is required. *See, e.g.*, *Earhart v. Colvin*, 2015 WL

21 2368597, at *6-7 (D. Or. May 18, 2015) (finding that a State agency consultant used

22 "occasional" in the ordinary sense rather than the vocational sense, when considering the context

23 of the opinion).

ORDER REVERSING THE COMMISSIONER'S DECISION - 4

1    Plaintiff also notes although the ALJ indicated he limited Plaintiff to performing simple

2  work in order to account for the occasional attention lapses that Dr. Eisenhower identified, the

3  RFC assessment does not include such a limitation.  *See* Tr. 36-37.  The Court finds this error to

4  be harmless, however, because the vocational expert testified that all of the jobs identified at step

5  five are simple, routine, and repetitive in nature.  Tr. 128-29.

6    3.    *Terilee Wingate, Ph.D.*

7    Dr. Wingate examined Plaintiff in September 2020 and completed a DSHS opinion form

8  describing moderate and marked mental symptoms and limitations.  Tr. 1473-78.  The ALJ

9  found that marked limitations in performing activities within a work schedule and maintaining

10  appropriate workplace behavior were supported by Plaintiff's subjective reports, but not by Dr.

11  Wingate's normal mental status examination findings.  Tr. 43.  The ALJ also cited other normal

12  findings from elsewhere in the record that he found inconsistent with the marked limitations.  *Id*.

13  Because the ALJ found the marked limitations to be unsupported by Dr. Wingate's findings and

14  inconsistent with other normal findings in the record, the ALJ found the marked limitations to be

15  unpersuasive.  *Id*.

16    Plaintiff argues even if Dr. Wingate's mental status examination findings did not support

17  the marked limitations, other clinical findings in her report do support those limitations.  Dkt. 12

18  at 9.  The clinical findings cited by Plaintiff are in fact her own self-reports, however, regarding

19  her daily schedule and symptom history.  *See id*.; Tr. 1475.  The ALJ acknowledged Plaintiff's

20  self-report supports marked limitations, but also explained  he discounted the reliability of

21  Plaintiff's self-report.  Tr. 37-43.  Plaintiff has not shown that the ALJ erred in finding the

22  marked limitations identified by Dr. Wingate to be unsupported by medical clinical findings.

23    Plaintiff also argues the ALJ erred in finding the marked limitations described by Dr.

ORDER REVERSING THE COMMISSIONER'S DECISION - 5

1    Wingate to be inconsistent with the record, citing one treatment note that she posits matches Dr.

2    Wingate's assessment.  Dkt. 12 at 9-10 (citing Tr. 1710).  One treatment note that is arguably

3    consistent with Dr. Wingate's opinion does not show that the ALJ erred in finding Dr. Wingate's

4    opinion inconsistent with a range of evidence, however.  *See* Tr. 43 (citing Tr. 828-72, 916, 933,

5    951, 962-78, 1156-57, 1708).

6         Because the ALJ's findings as to the supportability and consistency of the marked

7    limitations assessed by Dr. Wingate are reasonable and supported by substantial evidence, the

8    Court affirms the ALJ's assessment of Dr. Wingate's opinion.

9    **B.      Plaintiff's Testimony**

10        The ALJ discounted Plaintiff's testimony on the grounds (1) the objective evidence is

11   inconsistent with Plaintiff's allegations because her symptoms improved with treatment and

12   many objective findings did not corroborate her alleged limitations, (2) Plaintiff's activities and

13   statements are inconsistent with her allegations, and (3) Plaintiff received unemployment

14   benefits during part of the time that she claims to be disabled.  Tr. 37-42.  Absent evidence of

15   malingering, an ALJ must provide clear and convincing reasons to discount a claimant's

16   testimony.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

17        Plaintiff challenges the ALJ's reasoning as it pertains to her mental allegations.  Dkt. 12

18   at 14-16.  Plaintiff does not explicitly challenge any of the ALJ's reasoning as it relates to her

19   physical limitations, however, and that unchallenged reasoning could support the ALJ's

20   assessment of Plaintiff's testimony.  *See, e.g., Turner v. Commissioner of Social Sec.*, 613 F.3d

21   1217, 1225 (9th Cir. 2010) (finding that the ALJ's identification of discrepancies in plaintiff's

22   physical allegations supported discounting plaintiff's allegation of disabling mental limitations).

23   But because this case must be remanded for reconsideration of Dr. Rogge's opinion, and the

ORDER REVERSING THE COMMISSIONER'S DECISION - 6

1  record must be updated on remand to permit the ALJ to consider the evidence submitted to the

2  Appeals Council and any other available evidence, the ALJ should reconsider Plaintiff's

3  allegations as necessary on remand.

**CONCLUSION**

5       For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is

6  **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

7       On remand, the ALJ shall reconsider Dr. Rogge's opinion, develop the record as needed

8  and consider the evidence submitted to the Appeals Council.  The ALJ shall reassess Plaintiff's

9  testimony in light of  Dr. Rogge's reconsidered opinion and the new evidence before the ALJ,

10  and redetermine RFC as needed. The ALJ shall proceed to the remaining steps of the disability

11  determination process as appropriate.

12       DATED this 19th day of July, 2022.

13

14                  _____
                BRIAN A. TSUCHIDA

15                  United States Magistrate Judge

16

17

18

19

20

21

22

23

ORDER REVERSING THE COMMISSIONER'S DECISION - 7